United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Louise S. Campbell,                                     Case No. 10-73332-R
                        Debtor.                          Chapter 7
_____/

Charles L. Wells, III,
                        Plaintiff,

v.                                                       Adv. No. 10-7678

CF Bancorp, f/k/a Citizens First
Savings Bank and First Michigan Bank,
                        Defendant.
_____/

<u>Opinion on Parties' Cross Motions for Summary Judgment</u>

I.

In 2007, the defendant, CF Bancorp, f/k/a Citizens First Savings Bank and First Michigan Bank, obtained a mortgage on the debtor's home, located at 4033 Devonshire, Fort Gratiot, Michigan, in the amount of $50,835. The mortgage was not recorded.

On May 7, 2010, the defendant filed an affidavit of lost mortgage with the St. Clair County Register of Deeds and attached a copy of the mortgage.

On October 30, 2010, the debtor filed for chapter 7 relief. On December 30, 2010, the trustee filed a complaint to avoid the mortgage pursuant to 11 U.S.C. §§ 547(b) and 544(a)(1).

The parties filed cross motions for summary judgment. The Court conducted a hearing on the motions on April 11, 2011, and took the matters under advisement.

II.

In support of his motion for summary judgment, the trustee contends that the mortgage was never validly perfected. As a result, the trustee asserts, it is deemed to have been recorded just prior to the bankruptcy filing and can be avoided by the trustee.

The Bank contends that the mortgage was perfected May 7, 2010, when an affidavit of lost mortgage was recorded with the St. Clair County Register of Deeds, with a copy of the mortgage attached to it. The Bank argues that an original signature is not required to properly record a mortgage. The Bank asserts that the filing of the copy of the mortgage was sufficient to perfect the mortgage because the technical requirements of MCL § 565.201 were satisfied.

III.

In *Gold v. Interstate Fin. Corp.* (*In re Schmiel*), 362 B.R. 802 (Bankr. E.D. Mich. 2007), the court set forth the requirements for a mortgage to be considered recorded and thus perfected in Michigan. First, it must be received by the register of deeds under MCL § 565.25(1). Second, the mortgage must meet the technical requirements for recording under MCL § 565.201. Finally, the recording fee must be paid when the mortgage is left for recording. *Id.* at 817.

As noted above, the original mortgage was not delivered to the Register of Deeds. Instead, a copy of the mortgage was attached to an affidavit of lost mortgage and filed with the Register of Deeds.

In *Lewis v. Pub. Serv. Credit Union* (*In re Neal*), 406 B.R. 288 (Bankr. E.D. Mich. 2009), the Court was presented with facts nearly identical to the present case. In 2005, the debtors granted a mortgage to the bank, but the mortgage was never recorded. In 2008, the bank filed an affidavit of lost mortgage with the Wayne County Register of Deeds and attached a copy of the mortgage.

The affidavit indicated that its purpose was to confirm that the property was encumbered by the mortgage and to put third parties on notice of the mortgage. The bank asserted that the filing of the affidavit of lost mortgage perfected the mortgage under Michigan law. The bank relied on *Camacho v. Homeq Servicing Corp.* (*In re Camacho*), 311 B.R. 186 (Bankr. E.D. Mich. 2004), wherein the court found that the filing of an affidavit of lost mortgage was an appropriate document to perfect an interest in real property.

The Court rejected the bank's argument and chose not to follow the holding in *Camacho*. The Court stated:

> [T]he recording statutes apply to any instrument that conveys an interest in property and . . . the affidavit did not itself convey an interest in property. Therefore it cannot be recorded to establish the conveyance or to perfect the conveyance. The Court, therefore, disagrees with the holding in *Camacho*. Because the mortgage itself was not recorded, it was not perfected. Although a copy of the mortgage was attached to the affidavit, it did not contain an original signature and therefore did not meet the requirements for recording a real estate conveyance. *See* M.C.L.A. § 565.201(1)(a).

*In re Neal*, 406 B.R. at 292.

Here, the Bank does not argue that the filing of the affidavit of lost mortgage was sufficient to perfect the mortgage. Rather, it contends that the filing of the copy of the mortgage was sufficient. However, as noted above, the Court held in *Neal* that an original signature is required on the mortgage and because the copy did not have an original signature, it did not meet the technical requirements of MCL § 565.201. That section provides in part:

> Sec. 1. (1) An instrument executed after October 29, 1937 by which the title to or any interest in real estate is conveyed, assigned, encumbered, or otherwise disposed of shall not be received for record by the register of deeds of any county of this state unless that instrument complies with each of the following requirements:

> (a) The name of each person purporting to execute the
> instrument is legibly printed, typewritten, or stamped
> beneath the original signature or mark of the person.

M.C.L.A. § 565.201(1)(a).

The Bank argues that § 565.203 establishes that an original signature is not required. That section provides:

> Sec. 3. The provisions of this act shall not apply to the following
> instruments: any decree, order, judgment or writ of any court, will,
> death certificate, or any instrument executed or acknowledged
> outside of the state of Michigan. The provisions of paragraphs (a),
> (c) and (d) of [§ 565.201] shall not apply to any instrument upon
> which the signature itself is printed, typewritten or stamped.

M.C.L.A. § 565.203

The Bank asserts that § 565.203 contemplates a type-written signature as being acceptable for recording purposes.

Although this may be true, the Bank's argument ignores that the mortgage itself was not presented for recording. A copy of the mortgage simply does not satisfy the requirement of MCL § 565.25(1) that the mortgage be received by the Register of Deeds.

The Court therefore concludes that the mortgage was not recorded. Accordingly, the trustee's motion for summary judgment is granted and the defendant's motion for summary judgment is denied.

The trustee may submit a proposed judgment.

Not for Publication

**Signed on May 16, 2011**

**/s/ Steven Rhodes**
_____
**Steven Rhodes**
**United States Bankruptcy Judge**

4